**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA | **CRIMINAL NO.** 15cr 10261 |
| | **VIOLATIONS** |
| v. | 18 U.S.C. § 1349 (Conspiracy) |
| | 18 U.S.C. § 1348 (Securities Fraud) |
| | 18 U.S.C. § 1343 (Wire Fraud) |
| EDWARD W. WITHROW III and | 18 U.S.C. § 1001 (False Statements) |
| MARCO G. BABINI | 18 U.S.C. § 981 (Criminal Forfeiture) |
| | 28 U.S.C. § 2461 (Criminal Forfeiture) |
| Defendants. | |

## INDICTMENT

THE GRAND JURY CHARGES:

### GENERAL ALLEGATIONS

At all times material to this Indictment:

1.      The defendant, EDWARD W. WITHROW III ("WITHROW"), was a resident of

Malibu, California.

2.      The defendant, MARCO G. BABINI ("BABINI"), was a resident of Vancouver,

Canada and a shareholder of Endeavor Power Corporation ("Endeavor").

3.      The co-conspirator ("CC"), who is known to the Grand Jury, was a resident of

Stevensville, Montana and a shareholder of Endeavor.

4.      The cooperating witness ("CW"), who is known to the Grand Jury, was a resident

of Massachusetts and a stock promoter.

5.      Endeavor was a Nevada corporation that was based in Massachusetts.  During

approximately November 2012 through March 2013, Endeavor's stock was quoted under the

ticker symbol "EDVP" and traded on the over-the-counter securities markets, and its stock was registered with the Securities and Exchange Commission ("SEC"). During approximately that same period of time, Endeavor purported to be a bio-medical company focused on infectious diseases and purported to own a line of proprietary, FDA-approved, point-of-care diagnostic tests on a single proprietary platform.

6.     WITHROW was an owner of Parallax Diagnostics, Inc. ("Parallax"), which was a company incorporated in the state of Nevada. In or about November 2012, Endeavor, through a subsidiary, acquired the common stock of Parallax. WITHROW subsequently became the Chairman of Endeavor and a significant shareholder.

7.     The SEC is an independent agency of the executive branch of the United States government. The SEC is responsible for enforcing the federal securities laws and promulgating rules and regulations in keeping with the same. Among other things, federal securities laws, regulations, and rules are designed to protect the investing public in the purchase of stock that is publicly distributed by maintaining fair and honest securities markets and eliminating manipulative practices that tend to distort the fair and just price of stock. The SEC is also charged with regulating securities markets in the United States. Its duties include investigating alleged violations of the federal securities laws and regulations and prosecuting cases to enforce them.

## THE SCHEME TO DEFRAUD

8.     As set forth below, on various dates beginning in at least July 2012 and continuing through at least March 2013, WITHROW, BABINI, and CC, together with others known and unknown to the Grand Jury, engaged in, and conspired to engage in, a scheme to

2

defraud and to employ manipulative and deceptive devices and contrivances in connection with the purchase and sale of securities.

## THE PURPOSE OF THE SCHEME

9.      The purpose of the scheme was for WITHROW, BABINI, and CC to make money by defrauding the market for Endeavor's stock.

## MANNER AND MEANS OF THE SCHEME

10.      WITHROW, BABINI, and CC used the following manner and means, among others, to accomplish the objects and purposes of the scheme to defraud:

a.      Merging Parallax, which was a bio-medical company, with Endeavor, which at the time had little or no operations, so that Endeavor could be marketed to investors as a good investment opportunity.

b.      Accumulating and controlling virtually all of Endeavor's deposited and free-trading stock (i.e., stock that could be bought and sold without restriction).

c.      Concealing their control of and trading in Endeavor's stock by, among other things, failing to submit SEC disclosures.

d.      Engaging in manipulative trading.

e.      Orchestrating a promotional campaign designed to increase Endeavor's stock price while, at or about that time, intending to sell Endeavor's stock and failing to disclose that intent.

## ACTIONS TAKEN IN FURTHERANCE OF THE SCHEME

11.      In or about November 2012, WITHROW, BABINI, and CC caused Endeavor, which had been controlled, directly or indirectly, by BABINI, to merge with Parallax, which was controlled, directly or indirectly, by WITHROW.  WITHROW became the Chairman of

3

Endeavor and a significant owner of Endeavor's stock, including the free-trading stock, which had been previously owned, directly or indirectly, by BABINI. BABINI continued to be the beneficial owner of a significant percentage of Endeavor's free-trading stock, which he secretly controlled, along with WITHROW's free-trading stock.

12.     In or about November and December 2012, WITHROW, BABINI, and CC sought to accumulate Endeavor's free-trading stock not yet under their control. To that end, BABINI engaged in trading activity for the purpose of facilitating their goal of accumulating most, if not all, of the stock at a preferred-cost basis.

13.     In or about December 2012, BABINI and CC coordinated trading activity with an individual BABINI and CC understood to be a prospective buyer, but who was actually an undercover FBI agent (the "UA"). To that end, BABINI agreed to pay a kickback to the UA in exchange for the UA's agreement to buy BABINI's stock at an agreed-upon price, thereby intending to give the false appearance of an arm's-length transaction.

14.     On or about January 4, 2013, BABINI—through a nominee entity—paid more than $20,000 to CC so that CC could transfer the money to a stock promoter, who would promote Endeavor's stock.

15.     On or about January 7, 2013, CC paid approximately $20,000—through a nominee entity—to a stock promoter for the purpose of promoting Endeavor's stock.

16.     On or about January 8, 2013, WITHROW emailed an Endeavor press release, which had not yet been publicly disseminated, to CC, for the purpose of coordinating Endeavor's news with the stock promotions.

17.     Thereafter, in or about February 2013, BABINI orchestrated the artificial increase of Endeavor's stock price so that, at or about the time of a promotional campaign, Endeavor's

4

stock price would have a higher starting value and, in theory, would rise even further due to the promotional efforts.

18.    Similarly, in or about March 2013, BABINI generated, directly or indirectly, trades to create the false appearance of increased demand for Endeavor's stock.

### FALSE STATEMENTS MADE IN FURTHERANCE OF THE SCHEME

19.    On or about August 15, 2013, WITHROW provided sworn testimony to the SEC, which was investigating the Endeavor scheme. WITHROW misled the SEC by disguising his and his co-conspirators' participation in the scheme. For example, WITHROW falsely denied owning or knowing who owned a significant percentage of Endeavor's free-trading stock, when, in fact, WITHROW secretly owned a significant portion of Endeavor's free-trading stock himself and was partnered with BABINI, who was another significant stock holder.

### ADDITIONAL FALSE STATEMENTS

20.    On or about August 15, 2013, while providing the same sworn testimony to the SEC, WITHROW misled the SEC concerning Amazonas Florestal Ltd. ("Amazonas"), another public company in which he and CC were previously involved. Specifically, WITHROW made false statements about the number of Amazonas shares he secretly owned.

5

## COUNT ONE

### (Conspiracy to Commit Securities Fraud and Wire Fraud—18 U.S.C. § 1349)

21.     The allegations set forth in paragraphs 1 through 20 of this Indictment are re-alleged and incorporated herein by reference.

22.     From in or about July 2012 and continuing through in or about March 2013, within the District of Massachusetts and elsewhere, the defendants,

### EDWARD W. WITHROW III and
### MARCO G. BABINI,

together with CC, and others known and unknown to the Grand Jury, conspired to commit the following offenses:

a.     Securities Fraud (18 U.S.C. § 1348): to knowingly execute, and attempt to execute, a scheme and artifice (1) to defraud persons in connection with the securities of an issuer with a class of securities registered under 15 U.S.C. § 78l, to wit, Endeavor; and (2) to obtain, by means of false and fraudulent pretenses, representations, and promises, money and property in connection with the purchase and sale of the securities of an issuer with a class of securities registered under 15 U.S.C. § 78l, to wit, Endeavor.

b.     Wire Fraud (18 U.S.C. § 1343): having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, for the purpose of executing such scheme and artifice, and attempting to do so, to transmit and cause to be transmitted in interstate commerce, wire communications, including writings, signs, signals, pictures, and sounds, to wit: telephone communications, facsimile communications, e-mail communications, and wire transfers in

6

furtherance of the scheme to defraud in connection with the securities of Endeavor.

All in violation of Title 18, United States Code, Section 1349.

## COUNT TWO
### (Securities Fraud—18 U.S.C. § 1348)

23.     The allegations set forth in paragraphs 1 through 20 of this Indictment are re-alleged and incorporated herein by reference.

24.     From in or about July 2012 and continuing through in or about March 2013, within the District of Massachusetts and elsewhere, the defendants,

### EDWARD W. WITHROW III and
### MARCO G. BABINI,

did knowingly execute, and attempt to execute, a scheme and artifice (1) to defraud persons in connection with the securities of an issuer with a class of securities registered under 15 U.S.C. § 78l, to wit, Endeavor; and (2) to obtain, by means of false and fraudulent pretenses, representations, and promises, money and property in connection with the purchase and sale of the securities of an issuer with a class of securities registered under 15 U.S.C. § 78l, to wit, Endeavor.

   All in violation of Title 18, United States Code, Section 1348.

## COUNTS THREE AND FOUR
### (Wire Fraud—18 U.S.C. § 1343)

25.     The allegations set forth in paragraphs 1 through 20 of this Indictment are re-

alleged and incorporated herein by reference.

26.     From in or about July 2012 and continuing through in or about March 2013,

within the District of Massachusetts and elsewhere, the defendants,

### EDWARD W. WITHROW III and
### MARCO G. BABINI,

having devised and intending to devise a scheme and artifice to defraud and to obtain money and

property by means of materially false and fraudulent pretenses, representations and promises, for

the purpose of executing such scheme and artifice, and attempting to do so, transmitted and

caused to be transmitted in interstate commerce, wire communications, including writings, signs,

signals, pictures, and sounds as set forth below:

| Count | Approximate Date | Description of the Wire |
|-------|------------------|-------------------------|
| 3 | October 19, 2012 | Telephone call between WITHROW and the CW, in which WITHROW was in California and the CW was in Massachusetts. |
| 4 | December 5, 2012 | Telephone call involving BABINI, CC, and the CW, in which CC was in Montana and the CW was in Massachusetts. |

All in violation of Title 18, United States Code, Section 1343.

## COUNT FIVE
### (False Statements—18 U.S.C. § 1001)

27.    The allegations set forth in paragraphs 1 through 20 of this Indictment are re-alleged and incorporated herein by reference.

28.    On or about August 15, 2013, in the District of Massachusetts and elsewhere, the defendant,

## EDWARD W. WITHROW III,

knowingly and willfully made a materially false, fictitious and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit: telling the SEC that he did not have knowledge about who owned a significant percentage of Endeavor's free-trading stock, when, in fact, as WITHROW there and then knew and believed, he himself secretly owned, directly and indirectly, a significant portion of Endeavor's free-trading stock and BABINI, his partner, was another significant stock holder.

All in violation of Title 18, United States Code, Section 1001.

10

## COUNT SIX
### (False Statements—18 U.S.C. § 1001)

29.     The allegations set forth in paragraphs 1 through 26 of this Indictment are re-alleged and incorporated herein by reference.

30.     On or about August 15, 2013, in the District of Massachusetts and elsewhere, the defendant,

### EDWARD W. WITHROW III,

knowingly and willfully made a materially false, fictitious and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit: telling the SEC how many shares of Amazonas stock WITHROW owned, directly or indirectly, when, in fact, as WITHROW there and then knew and believed, he secretly owned, directly or indirectly, more Amazonas shares than he disclosed.

All in violation of Title 18, United States Code, Section 1001.

11

## CRIMINAL FORFEITURE ALLEGATIONS
### (18 U.S.C. §§ 981(a)(1) and 28 U.S.C. § 2461(c))

THE GRAND JURY FURTHER CHARGES:

31.     The allegations set forth in paragraphs 1 through 28 of this Indictment are re-

alleged and incorporated herein by reference.

32.     Upon conviction of a violation of 18 U.S.C. § 1349, as alleged in Count One of

this Indictment, the defendants,

## EDWARD W. WITHROW III and
## MARCO G. BABINI,

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c),

any property, real or personal, which constitutes, or is derived from, proceeds traceable to the

commission of the offense.

33.     Upon conviction of a violation of 18 U.S.C. § 1348, as alleged in Count Two of

this Indictment, the defendants,

## EDWARD W. WITHROW III and
## MARCO G. BABINI,

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c),

any property, real or personal, which constitutes, or is derived from, proceeds traceable to the

commission of the offense.

34.     Upon conviction of any violation of 18 U.S.C. § 1343, as alleged in Counts Three

and Four of this Indictment, the defendants,

## EDWARD W. WITHROW III and
## MARCO G. BABINI,

12

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes, or is derived from, proceeds traceable to the commission of the offenses.

35.    If any of the property described in paragraphs 31 through 34, above, as a result of any act or omission of the defendant:

   a.    cannot be located upon the exercise of due diligence;

   b.    has been transferred or sold to, or deposited with, a third party;

   c.    has been placed beyond the jurisdiction of the Court;

   d.    has been substantially diminished in value; or

   e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraphs 30 and 31 above.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

13

A TRUE BILL

FOREPERSON OF THE GRAND JURY

ERIC P. CHRISTOFFERSON
Assistant U.S. Attorney
ERIC A. FORNI
Special Assistant U.S. Attorney

DISTRICT OF MASSACHUSETTS; September 10, 2015

Returned into the District Court by the Grand Jurors and filed.

DEPUTY CLERK

11:52A

14